DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

BEVERLY FERGUS,              )
                             )
        Plaintiff,           )
                             )
        v.                   )    Civil No. 2009-19
                             )
UNITED STATES VIRGIN ISLANDS )
DEPARTMENT OF HEALTH and     )
GOVERNMENT OF THE VIRGIN ISLANDS
                             )
        Defendants.          )

APPEARANCES:

**Beverly Fergus**
Glen Burnie, MD
    *Pro se plaintiff,*

**Carol Thomas-Jacobs, AAG**
St. Thomas, U.S.V.I.
    *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of Beverly Fergus ("Fergus") to enforce the settlement agreement she entered into with the United States Virgin Islands Department of Health and the Government of the Virgin Islands (collectively, the "Government").

## I. FACTS

On September 27, 2010, Fergus and the Government entered into a settlement agreement in this action. The agreement

*Fergus v. Dep't of Health*
Civil No. 2009-19
Memorandum Opinion
Page 2

provided that the Government would pay Fergus $10,000.00 in exchange for Fergus settling all her claims.

At a settlement conference on that same date, counsel for the Government, George H. Phillips ("Phillips") recited the terms of the settlement agreement into the record. The agreement has two parts:

> [MR. PHILLIPS:] The first part is that the government has agreed not to make any negative reference as to Mrs. [*sic*] Fergus' voluntary departure from the government in the form of a resignation. And if there is any inquiry by any future employer or prospective employer on behalf of Ms. Fergus, the government would be limited to indicate that she resigned voluntarily, without further comment.
>
> The second part to the agreement is that the government has agreed to pay the sum of $10,000 to Ms. Fergus.
>
> Tr. of Settlement Conference of Sept. 27, 2010, 3:17-4:1.
> The Court then asked Fergus if she accepted these terms:
> THE COURT: You heard the statement made by Mr. Phillips, Ms. Fergus.
>
> Is that in agreement with what your understanding of the settlement is?
>
> MS. FERGUS: I do agree. I agree with the settlement.
>
> THE COURT: Do you approve the settlement?
>
> MS. FERGUS: Yes, I do.

*Fergus v. Dep't of Health*
Civil No. 2009-19
Memorandum Opinion
Page 3

*Id.* at 4:8-4:15. The Court further explained the term of the settlement providing that the Government would not comment on Fergus's departure from Government service:

> [THE COURT:] Where inquiries are made to previous employment, the only statement [the Government] will make is that [Fergus] had to resign.
>
> MR. PHILLIPS: Yes. It is voluntary resignation.
>
> THE COURT: Voluntary resignation, period. That's it.
>
> MS. FERGUS: Okay.
>
> THE COURT: Do you understand that?
>
> MS. FERGUS: Yes, I do.

*Id.* at 6:2-10. Lastly, the Court ensured Fergus was satisfied with the agreement and that she understood the settlement would end the litigation:

> THE COURT: Are you satisfied?
>
> MS. FERGUS: Yes, I do [*sic*].
>
> THE COURT: All right.
>
> Now, you realize this is the end of your litigation. That's what you wanted. And as far as the Court is concerned, this case is now resolved and it will be marked "closed."
>
> MS. FERGUS: Thank you, sir.
>
> THE COURT: Do you have any questions in your mind about this?
>
> MS. FERGUS: Not really. No, sir.

*Id.* at 6:11-22.

*Fergus v. Dep't of Health*
Civil No. 2009-19
Memorandum Opinion
Page 4

On October 29, 2010, the parties filed joint motions to dismiss. These motions provided that each party would bear its own costs and attorneys' fees.

On January 24, 2011, Fergus filed a motion to enforce the settlement agreement (the "First Motion"). Thereafter, on March 8, 2011, the Government issued Fergus a check in the amount of $10,117.78.[1] On April 18, 2011, Fergus's motion was denied as moot.

Fergus now moves again to enforce the settlement agreement (the "Second Motion"). The Government has not opposed Fergus's motion.

## II. DISCUSSION

In the Third Circuit, "[a]n agreement to settle a law suit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. East*

---

[1] The record is silent as to why the amount on the face of the check exceeds the $10,000 agreed to.

*Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 Fed. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy Regulatory Comm'n*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing V.I. CODE ANN. tit. 1, § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Univ. of the V.I. v. Petersen-Springer*, 232 F. Supp. 2d 462, 469 (D.V.I. App. Div. 2002); RESTATEMENT (SECOND) OF CONTRACTS § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id.* Where there is no mutual assent, or

no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (Terr. Ct. 1990).

### III. ANALYSIS

#### A. The Settlement Agreement

"The parties' objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 Fed. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* RESTATEMENT (SECOND) OF CONTRACTS § 18, 19 (1979). The beginning or tender of performance may also operate as a manifestation of assent. RESTATEMENT (SECOND) OF CONTRACTS § 18 cmt. b (1979).

Here, the agreement recited on the record detailed all the terms of the settlement. Included in the terms was the Government's promise to pay a certain sum to Fergus. Fergus made a return promise to forego pursuing her retaliatory discharge claim against the Government. The Government, through counsel, and Fergus personally accepted and agreed to the terms of the settlement on the record. The parties' oral acceptance and the partial performance of the Government[2] evidences the parties' meeting of the minds and mutual assent to those terms. *See,*

---

[2] The record is silent as to whether the Government has been in contact with any potential employers of Fergus.

*e.g.*, *Tracy v. Kimberly-Clark Cop.*, 74 Fed. App'x 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and internal quotation marks omitted).

Moreover, the recited terms of the agreement established that it was supported by consideration on both sides. *See, e.g.*, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, No. 04-4390 (JAP), 2006 U.S. Dist. LEXIS 87518 at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and surrender her options to purchase HP stock in return for a payment of $37,500."). The Government promised to pay $10,000 and to make no comment about Fergus's employment with the Government to future employers. In exchange, Fergus promised to

dismiss her claims. *See* Tr. of Settlement Conference of Sept. 27, 2010, 6:11-22.

In *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829 (D.V.I. Nov. 20, 2007), this Court entered judgment on a settlement agreement where the parties had recited the essential terms of it before the Court. *Id.* at *13. After the recitation, the defendants refused to sign a written settlement agreement. *Id.* at *8. This Court held that the recitations of the parties were binding and covered all essential terms. *Id.* at *6-13. Accordingly, this Court entered a judgment approving the settlement agreement. *Id.* at *21. Here, as in *Wyndham*, the essential terms of the settlement agreement have been recited on the record. Both parties agreed to these terms, and the Government has paid Fergus $10,111.78. Because the recited settlement agreement covers all the terms of the agreement, it is a binding contract on the parties and may be approved by this Court.

Based on the settlement agreement, the Court finds that the parties agreed to the following essential terms:

1. The Government agreed not to make any negative reference about Fergus's voluntary departure from the Government.
2. The Government agreed to pay Fergus $10,000.

*Fergus v. Dep't of Health*
Civil No. 2009-19
Memorandum Opinion
Page 9

> 3. Fergus agreed to settle all claims against the Defendants.

An appropriate judgment approving the settlement will be entered.

**B. Fergus's Motion to Enforce the Settlement Agreement**

Having found that the parties entered into a valid settlement, the Court will now address whether that settlement has been violated as alleged in Fergus's motion.

In her Second Motion, Fergus asserts that

> I am petitioning the Honorable Chief Judge Gomez . . . to assist me in enforcing the attached Order, Document #47 in my case #09-19, which has since been settled and closed. I believed in my novice, non attorney [*sic*] status that it is mandatory that a court order be adhered to. The actions displayed are not in alignment with the Chief Judge's order.
>
> . . . . I have kept in contact with Attorney George W. Phillips . . . . He led me to believe all stipulations of the agreement would be fulfilled and finalized within the allotted time frame set forth.
>
> On January 14, 2010, I contacted Defendants attorney, George W. Phillips Assistant Attorney General. Attorney Phillips informed me there is nothing he can do to [*sic*] regarding the enforcement of the settlement and referred me to another agency.

ECF No. 54.

Fergus's Second Motion is in all respects identical to the motion she previously filed on January 24, 2010. *See* ECF No. 48.

*Fergus v. Dep't of Health*
Civil No. 2009-19
Memorandum Opinion
Page 10

However, unlike the First Motion, she has attached another document which reads:

> I humbly submit and requisition The Honorable Chief Judge Gomez and the Honorable Court; the withdrawal and dismissal of all actions and proceedings pertaining to the attached Motion in reference to court Document #47, Case# 2009-19.
>
> The above Defendant has since complied with the Settlement Agreement and all stipulations met.

ECF No. 54-1. This attachment suggests that Fergus does not seek to renew her First Motion, but rather to withdraw it in light of the Government's compliance with the settlement. Therefore, the Court will construe Fergus's Second Motion as a motion to withdraw the First Motion.

As the First Motion was already dismissed as moot, it is no longer pending and cannot be withdrawn. Thus, in light of the dismissal of the First Motion as moot, the Second Motion withdrawing it is also moot. Accordingly, the Second Motion will be dismissed.

        S\_____
           **CURTIS V. GÓMEZ**
            **Chief Judge**